UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHANNON D. WREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00554-JPH-MJD |
| | ) | |
| T. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Shannon D. Wren is a federal prisoner in the custody of the Bureau of Prisons (BOP), currently incarcerated at the United States Penitentiary in Terre Haute, Indiana (USP-Terre Haute). Mr. Wren's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserts that the BOP unlawfully refused to release him to home confinement at the earliest date permitted by 18 U.S.C. § 3624(c), as amended by Section 602 of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

Mr. Wren's request to proceed without the prepayment of the filing fee associated with this action is granted. See dkts. 5 and 6.

**I. Section 2241**

Section 2241 provides a vehicle for a prisoner to challenge the execution of his sentence. *See Figueroa v. Tarquino*, 737 F. App'x 789, 789–90 (7th Cir. 2018) ("Petitions . . . that challenge the execution, as opposed to the validity, of a sentence fall within the purview of § 2241."). Such

1

a petition "does not ask the court to set aside his sentence;" instead, it "assumes that the sentence is valid" but is being carried out incorrectly by the BOP. *Id.* at 790.

## II. Factual Background

On October 9, 2018, Mr. Wren pled guilty to a violation of 18 U.S.C. §§ 751(a) and 4082(a), Escape from Custody. *United States v. Wren*, No. 6:18-cr-03072-MDH (W.D. Mo. Mar. 6, 2019) (Judgment at dkt. 29). The United States District Court for the Western District of Missouri sentenced Mr. Wren to a 15-month term of imprisonment. *Id.* Mr. Wren entered BOP custody on April 22, 2019, and has been housed at the Federal Correctional Complex in Terre Haute, Indiana, since that time. Dkt. 8-1 at ¶ 11. His full term release date is March 25, 2020, but with good time credit, he could be released as early as February 28, 2020. *Id.* at ¶ 10.

Mr. Wren now seeks relief under 18 U.S.C. § 3624(c), which authorizes the BOP to release a prisoner from imprisonment to another form of custody in the final twelve months of the term of imprisonment imposed by the sentencing court:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Section 3624(c)(2) gives the BOP the authority to place a prisoner on home confinement.

> The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2).

Mr. Wren filed his § 2241 petition on November 18, 2019. Mr. Wren claims that he is entitled to immediate placement in home confinement. But instead, he has remained confined at the USP-Terre Haute, in violation of his due process and equal protection rights. In response, the United States argues that this action should be dismissed because Mr. Wren has failed to exhaust his administrative remedies and because his claim lacks merit.

### III. Analysis

"A common-law exhaustion rule applies to § 2241 actions . . . ." *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The United States seeks dismissal of this action on the basis that Mr. Wren failed to exhaust his administrative remedies prior to filing his petition. In response, Mr. Wren argues that he did all he could to exhaust his administrative remedies, but the administrative remedy process was not available to him. Dkt. 9. The Supreme Court has explained that "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (applying the exhaustion requirements under 42 U.S.C. § 1997e). For example, an administrative procedure is unavailable when, as Mr. Wren asserts, "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

While the procedural-bar issue should ordinarily be considered first, courts have discretion to instead go directly to consideration of the merits. *See Lambrix v. Singletary*, 520 U.S. 518, 524 (1997); *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010). Here, the record on the exhaustion issue is limited and the Court can immediately resolve the case on the merits so it is in the interest of judicial economy to proceed directly to the merits of Mr. Wren's claims.

On the merits, the United States argues that Mr. Wren has no protected liberty interest in home confinement and that the First Step Act does not require placement in home confinement at the earliest time available. Therefore, the government argues, Mr. Wren has no constitutional or statutory claim arising from the fact that the BOP did not release him to home confinement. The United States is correct.

Regarding the alleged constitutional violation, Mr. Wren has not made any factual allegations that support a due process or equal protection claim. "There is no constitutional or inherent right for a convicted person to be conditionally released before expiration of a valid sentence." *Thompson v. Veach*, 501 F.3d 832, 835–36 (7th Cir. 2007) (quoting *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). The statutes cited by Mr. Wren do not "contain mandatory language creating an expectancy of release," so no protected liberty interest is created. *Id.* at 836. The plain meaning of the statutory language—"may" and "to the extent practicable"—clearly gives the BOP the ability and discretion, but does not require it, to place a prisoner in home confinement under certain circumstances. When, as here, "a statute establishes only a discretionary grant of a privilege, no liberty interest is created." *Solis v. Bell*, No. 2:18-cv-00113-JMS-MJD, 2019 WL 535694 at *4 (S.D. Ind. Feb. 11, 2019).

A similar analysis applies under the First Step Act, which similarly does not require the BOP to place Mr. Wren on home confinement. As the government aptly points out in its filing, district courts that have considered this issue have consistently concluded that the First Step Act does not guarantee placement in home confinement or mandate that the BOP place prisoners in home confinement. *See, e.g., United States v. Burkhart*, No. CR 6:03-036-DCR, 2019 WL 615354, at *2 (E.D. Ky. Feb. 13, 2019). *See also* Dkt. 8, pp. 7-8.

4

## IV. Conclusion

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). That Mr. Wren was not released to a halfway house on January 1, 2020, does not provide a basis for the Court to make such a conclusion here.

For the reasons set forth above, Mr. Wren's petition for a writ of habeas corpus is **denied**, and this action is **dismissed with prejudice**. The motion for emergency relief, dkt [5], is **denied** for these same reasons.

Final judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 2/7/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHANNON D. WREN
21492-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov